Ludeling, C. J.
On the twentieth of December, 1869, D. F. Kenner, sold to Mrs. E. Brooks, wife of H. O. Colomb, a plantation, situated in the parish of St. James. For part of the price, a note for $7952, with interest, was executed, and a mortgage and vendor’s privilege were retained on the property to secure the payment. This act of sale and mortgage was passed in New Orleans, and the act was recorded in the book of conveyances and mortgages in St. James, ten days after it was executed.
The only important question in this case is, could a judicial mortgage, resulting from the recordation of a judgment against the vendee, attach to the property to the prejudice of the vendor’s privilege and mortgage to secure the price iu consequence of the delay in recording the mortgage ?
The mortgage and privilege were recorded simultaneously witli the act of conveyance. If the delay in recording the act in St. James parish could defeat the vendor’s privilege and mortgage, the necessary delay for recording the mortgage after the agreement to sell or after the signing of the act of sale would also defeat the vendor’s privilege, for the theory of the third opponents is. that as soon as the property was acquired by the vendee their judicial mortgage attached. They cite the case of Lombas v. Collet to support this theory. 20 An. 80. From the statement of the facts in that case we are not informed whether the act of sale had been recorded in the parish before the mortgage *338 was recorded in the mortgage booh, and this point does not appear to have been considered.
As to third persons, the sale had no effect until it was duly recorded where the property is situated.
It is certain that the creditors of the vendor might have seized and sold the property before the registry of the sale in St. James parish free from any claim of the vendee’s creditors. But if their judicial mortgage had attached as soon as the sale had been made, this could not be.
“All sales, contracts and judgments affecting immovable property which shall not be recorded, shall be null and void, except between the parties thereto,” etc. C. C. 2266.
It is therefore ordered that the judgment of the district court be affirmed with costs of appeal.
Rehearing refused.